■ In the Matter of the Claim of WILLIAM J. BURNETT, Appellant, v. BORDEN CHEMICAL DIVISION BORDEN, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board, filed December 14, 1971, which was subsequently modified by a supplemental decision filed April 20, 1972. The board found " that the claimant was a five day worker, that he worked a substantial part of the year as a five day worker prior to the injury although for 21 weeks he worked six or more days, and that his average weekly wage was $135.07, on the basis of the 260 multiple as a five day worker." Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane and Main, JJ., concur; Cooke, J., dissents and votes to reverse in the following memorandum. Cooke, J. (dissenting). Claimant developed an occupational dermatitis causally related to his employment as a formaldehyde operator and awards were made beginning January 6, 1971. The payroll record of claimant's earnings from the week ending December 14, 1969 to the week ending December 6, 1970 shows that he worked 51 out of 52 weeks. During the first 18 weeks claimant worked five days or less per week. During the next 34 weeks claimant worked six days or more per week for 20 weeks. For the eight weeks up to and including the week of December 6, 1970, claimant worked only two five-day weeks while working six days per week for six weeks. For the last five weeks of said eight-week period claimant worked six days per week. In the board decision appealed from, it was stated: " The Board Panel finds that the claimant was a five day worker, that he worked a substantial part of the year as a five day worker prior to the injury." " ' The entire objective of wage calculation is to arrive at a fair approximation of claimant's probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in terms of its impact on probable future earnings, perhaps for the rest of his life. ' (2 Larson, Workmen's Compensation Law, § 60.11, p. 71.) " (*Matter of Beach* v. *Launder Needs Co.*, 24 A D 2d 789, 790.) The test to be applied is whether, at the time of the disabling accident, claimant was a five or six-day worker (cf. *Matter of Mangianeli* v. *New York State Brooklyn State Hosp.*, 33 A D 2d 1087; *Matter of Meiler* v. *Medical Chambers*, 277 App. Div. 825). The proof indicates that, at the time of the disablement, claimant was a six-day worker and that there was an element of permanency to this status (see *Matter of Beach* v. *Launder Needs Co.*, supra; *Matter of Meiler* v. *Medical Chambers*, supra). The board seems to be laboring under the misapprehension that the

determinative period is the year preceding the time of the disabling accident, which, under prior holdings, is not the correct legal test to be applied. The decision should be reversed, and the matter remitted for further proceedings.